**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

PATRICIA J. LYLES,                          *

     **Plaintiff,**                          *

**v.**                                                              **Case No.: GJH-18-973**

                                         *

**CSRA INC.,** *ET AL.*,                          *

     **Defendants.**                          *

*    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM OPINION**

Plaintiff Patricia Lyles brings this Title VII action against Defendants CSRA, Inc., General Dynamics Corporation (GD), and General Dynamics Information Technology, Inc. (GDIT) alleging that she was discriminated against on the basis of race and gender and was the subject of unlawful retaliation while employed by Defendant CSRA in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). ECF No. 1. After Plaintiff filed two charges of discrimination against CSRA with the Equal Employment Opportunity Commission (EEOC), GD purchased CSRA and tasked its wholly-owned subsidiary GDIT with continuing CSRA's operations. ECF No. 1 ¶ 3. Defendants GD and GDIT have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or in the alternative for summary judgment. ECF No. 13. Plaintiff responded in opposition, ECF No. 15, and Defendants replied, ECF No. 17. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). The Court construes Defendants' motion, in part, as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and, in part, as a motion for summary judgment under Rule 56. For the following reasons, Defendants' motion will be granted.

# I.    BACKGROUND[1]

Defendant CSRA employed Plaintiff from August 11, 1986 until she was fired on May 17, 2016. ECF No. 1 ¶¶ 3, 10. Plaintiff alleges that CSRA's treatment of her and her team—a group of mostly African-American women—in the lead up to her firing and her ultimate termination constituted unlawful gender- and race-based discrimination and retaliation in violation of Title VII. ECF No. 1 at 1.[2] In May 2016, Plaintiff filed an EEOC Charge of Discrimination against CSRA alleging race and gender discrimination. ECF No. 1 ¶ 6. On July 25, 2016, Plaintiff filed a second Charge against CSRA alleging that CSRA had retaliated against her. *Id.* The EEOC was unable to conclude that CSRA violated Plaintiff's rights and issued a Dismissal and Notice of Rights for Charge on January 9, 2018. ECF No. 1 ¶ 7.

On April 3, 2018, Defendant GD acquired CSRA for $9.7 billion. ECF No 1 at ¶ 3. GD tasked its wholly-owned subsidiary GDIT with continuing CSRA's operations with substantially the same employees and a combined leadership team. *Id.*; *see also* ECF No. 15-6 at 4 (email from CSRA President telling employees that through the merger they would "have even more opportunity to grow" their careers). GDIT's new leadership team consists of seven GD holdovers and five CSRA executives, including former CSRA executive Leigh Palmer, ECF No. 15-3 at 1, who Plaintiff alleges oversaw her business unit while another CSRA employee ratcheted up his harassment of Plaintiff and her team, ECF No. 1 at 11. GD, GDIT, and CSRA have different tax identification numbers and charters, ECF No. 13-2 ¶ 8, and separate corporate boards, *id.* However, in a press release, GD described the acquisition this way: "CSRA is now part of

---

[1] In reviewing a motion to dismiss, this Court accepts the well-pleaded facts in the Complaint, ECF No. 1, as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir.2011). Further, in review of a motion for summary judgment, the facts are to be construed in the light most favorable to the nonmoving party, drawing all justifiable inferences in that party's favor. *Ricci v. DeStefano*, 557 U.S. 557, 585–86 (2009). The facts described in this section are reviewed with these principles in mind.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

General Dynamics Information Technology." ECF No. 10 ¶ 55. GDIT's SEC filings also indicate that CSRA was folded into GD and GDIT as part of the merger. ECF No. 15-5 at 4, 7, 11. And on the date of the merger, CSRA delisted its stock in the New York Stock Exchange. ECF No. 15-5 at 5.

In the lead up to the merger, GD engaged in a lengthy due diligence process. *See* ECF Nos. 15-5 at 28–29. As part of the merger, CSRA's Articles of Incorporation, including articles regarding indemnification and insurance to protect employees and agents against liability, were amended. ECF No. 15-6 at 12, 15, 34.

On April 6, 2018, three days after the merger and two years after Plaintiff's separation from CSRA, Plaintiff filed her Complaint. ECF No. 1. Despite the acquisition, CSRA remains a solvent company, and it has sufficient funds to pay a judgment in excess of the amount set forth in Plaintiff's Complaint. ECF No. 13-3 ¶¶ 7, 8.

## II.     STANDARDS OF REVIEW

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that the Court lacks subject-matter jurisdiction. When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Defendants also move to dismiss the Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), which calls for dismissal where a complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If

the Court considers matter outside the pleadings when deciding Defendants' 12(b)(6) motion, the Court must treat a motion to dismiss as one for summary judgment. *Jakubiak v. Perry,* 101 F.3d 23, 24 & n. 1 (4th Cir. 1996). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* It is obvious that when the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," as is the case here, and the nonmoving party attaches exhibits to its opposition, the nonmoving party is aware that materials outside the pleadings are before the court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.,* 149 F.2d 253, 260–61 (4th Cir.1998). Further, a court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery). However, summary judgment should not be granted if the nonmoving party has not had the opportunity to discover information that is essential to his opposition to the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1987). If the nonmoving party feels that the motion is premature, that party can invoke Federal Rule of Civil Procedure 56(d). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Under Rule 56(d), a court may deny a motion for summary judgment if the nonmovant shows through an affidavit that, for specified reasons, he cannot properly present facts, currently unavailable to him, that are essential to justify an opposition. Here, the nonmovant has not filed an affidavit under 56(d).

Summary judgment is proper only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Meson v. GATX Tech. Servs. Corp.*,

507 F.3d 803, 806 (4th Cir. 2007); *see also* Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating that no genuine dispute exists regarding material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987).

## III.    DISCUSSION

### A.  Successor Jurisdiction – 12(b)(1) Motion

Before determining whether there are genuine issues of material fact regarding successor liability, the Court first must determine whether the Complaint alleges sufficient jurisdictional facts given that Defendants GD and GDIT never employed Plaintiff and were therefore not named in Plaintiff's EEOC charges. "A federal court has jurisdiction over a Title VII claim against a defendant-employer" who is a successor corporation "not named in an administrative charge of discrimination" where "the theory of liability rests on the actions of a different employer who *was* named in the charge of discrimination, and the defendant-employer had notice of the charge and an opportunity to voluntarily comply prior to the plaintiff bringing the claim in court." *EEOC v. Phase 2 Investments Inc.*, 310 F. Supp. 3d 550, 564 (D. Md. 2018) (emphasis in original). Because "Congress evinced a clear desire that employers would be given an opportunity to voluntarily comply with Title VII and settle disputes through informal means before being dragged to the courthouse," federal courts do not have jurisdiction over Title VII claims against Defendants that lacked this opportunity. *Id.* at 565 (citing *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974)).

In *Phase 2*, the EEOC brought suit on behalf of a group of employees against two successor corporations—one that had purchased the original employer and one that had merged with the original employer. Although the successor defendants were not named in the charging documents (they were filed before the corporate changes), the complaint alleged facts showing

that the successors had "ample notice of these charges prior to the initiation" of the lawsuit and were "given an opportunity to conciliate." *Id.* at 564–65. Specifically, before the EEOC filed suit, the agency notified the defendants that they were successors in interest for Title VII purposes and invited the parties to engage in informal conciliation. *Id.* at 559. After the EEOC determined that conciliation had failed, it notified the defendants and filed a lawsuit. *Id.* In this context, the court concluded that it had subject-matter jurisdiction over the successor corporations.

Unlike in *Phase 2*, GD and GDIT did not have the opportunity to voluntarily comply with Title VII before Plaintiff filed her suit. While in *Phase 2*, the corporate changes were completed before the EEOC finished its investigation and attempted conciliation of the charging parties' claims, here the EEOC process ended three months before GD and GDIT's acquisition of CSRA. ECF No. 1 ¶¶ 3, 7. Thus, even to the extent that GD and GDIT were constructively on notice of Plaintiff's EEOC charges based on their lengthy due diligence process, they never had the opportunity to participate in the EEOC process "before being dragged to the courthouse." 310 F. Supp. 3d at 565. This Court therefore lacks subject-matter jurisdiction over Plaintiff's claims against GD and GDIT.

### B. Sufficiency of Factual Allegations or Evidence – 12(b)(6) Motion or Motion for Summary Judgment

Even if Plaintiff's claims against GD and GDIT could survive the 12(b)(1) motion, Defendants have also moved to dismiss, or in the alternative for summary judgment, arguing that Plaintiff has not sufficiently alleged, or the undisputed facts cannot establish, successor liability. To balance competing equitable concerns, courts often look to, among other things, three major factors: "1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, [and] 3) whether there has been a substantial continuity of business

operations." *Phase 2*, 310 F. Supp. at 570 (citing cases). "The first two factors are critical." *Id.* (quoting *Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228, 1236 (7th Cir. 1986)). Although genuine disputes of material fact exist as to whether GD and GDIT had notice of Plaintiff's EEOC charges[3] and whether they have continued CSRA's business operations,[4] the record reflects no dispute over the second factor—CSRA's ability to provide relief. A CSRA representative submitted a declaration attesting that the company remains solvent and has sufficient funds to pay a judgment in excess of the amount Plaintiff demands. ECF No. 13-3 ¶¶ 7, 8. Plaintiff has offered no rebuttal to this testimony—either in the form of plausible factual allegations in the Complaint to defeat Defendants' 12(b)(6) motion or record evidence to defeat Defendants' motion for summary judgment. ECF No. 15 at 6. Thus, Plaintiff's claims against GD and GDIT could not survive summary judgment even if they could overcome Defendants' subject-matter jurisdiction challenge.

## IV.    CONCLUSION

For the foregoing reasons, Defendants motion is granted. A separate Order shall issue.

Date: <u>December 4 , 2018</u>                                  <u>            /s/            </u>
                                                        GEORGE J. HAZEL
                                                        United States District Judge

---

[3] Although Defendants dispute having actual notice of Plaintiff's charges, the record includes evidence of the lengthy due diligence process, meaning a jury could conclude that they had constructive notice of the charges.
[4] GDIT's leadership team consists of a combination of GD holdovers and CSRA executives, ECF No. 15-3 at 1; a press release described the acquisition this way: "CSRA is now part of General Dynamics Information Technology," ECF No. 10 ¶ 55; and GDIT's SEC filings also include statements indicating that CSRA was folded into GD and GDIT as part of the merger and continues to exist only in shell form, ECF No. 15-5 at 4, 7, 11.